Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI170007769
Transaction ID: 0005757062
Filing Date: 09/11/2017 04:44:06 PM CDT

**District Court, Douglas County, Nebraska**

| | |
|---|---|
| DatabaseUSA.com, LLC, | Case No. CI 17-_____ |
| Plaintiff, | |
| v. | Complaint & Jury Demand |
| Blake Van Gilder<br>and<br>Infogroup, Inc., a Corporation,<br>and<br>Koley Jessen, PC, LLO, | |
| Defendants. | |

Plaintiff alleges:

## Overview

1. Former DatabaseUSA employee, Blake Van Gilder, wrongfully misappropriated and converted more than 1,000 pages of highly sensitive internal documents owned by DatabaseUSA at the time of his employment termination. He concealed his actions and took the data with him. Van Gilder intended to permanently deprive DatabaseUSA of the documents and information, and to conceal his taking. What he took constituted DatabaseUSA trade secrets. Much of it was protected by a Court Confidentiality Order. He misappropriated the information, then gave it to the other Defendants who concealed it themselves, and made conscious decisions to do so for their separate purposes. This was also a misappropriation, and action in concert with Van Gilder to achieve an improper objective against DatabaseUSA.

2. Infogroup, Inc and Koley Jessen knew Van Gilder's information was misappropriated and that much of it was subject to a Court Order. They were forced to disclose the taking fourteen (14) months after Van Gilder delivered the misappropriated materials because a court discovery rule forced them to do so after action was initiated by DatabaseUSA to obtain the information. Infogroup and Koley Jessen have denied misuse

**EXHIBIT A**

or abuse of the product for commercial purposes or competitive purposes in written declarations. But those declarations are not consistent or complete and admit that disclosures of some confidential information by Koley Jessen to Infogroup occurred contrary to requirements of a Court Order. The declarations also disclose the intention of all Defendants to conceal, and thereby exploit, the misappropriated data. Discovery is required to ascertain the extent of use of the data, and the harm caused.

## Jurisdiction, Venue, Parties

3. The District Court has subject matter jurisdiction of this action pursuant to *Neb Rev Stat* § 24-302.

4. Venue is proper pursuant to *Neb Rev Stat* §25-403.01 in Douglas County and Nebraska where the events giving rise to the claims occurred, the claims themselves arose, where Plaintiff has its principal place of business and Defendants Infogroup and Koley Jessen have their principal places of business and can be served.

5. **The Plaintiff is DatabaseUSA.com, LLC.** "DatabaseUSA" is a limited liability company organized under the laws of Nevada and conducts business across the United States. Its principal place of business is in Omaha, Douglas County, Nebraska. It is authorized to transact business in Nebraska.

6. **The first Defendant is Blake Van Gilder**, an individual. He is a resident of Sioux Falls, Minnehaha County, South Dakota. Van Gilder committed the wrongful acts in question while in Nebraska and while he was a resident of Nebraska. His wrongful acts started in 2015 but were completed in the first quarter of 2016 to the best of DatabaseUSA's information.

7. **The second Defendant is Infogroup, Inc.,** a Delaware Corporation. Infogroup is engaged in the business of selling, compilations and lists of data in direct competition against DatabaseUSA and others. At all relevant times, Infogroup, two of its subsidiaries parties, and DatabaseUSA were involved in litigation against one another in United States District Court, District of Nebraska, Case No. 8:14-cv-49. Infogroup's lawyer agents, acting for it and with its consent and approval, received the

**EXHIBIT A**

misappropriated information from Van Gilder, and concealed the information and taking with the intent to do so permanently until forced by court rules to disclose it.

8. **The third Defendant is Koley Jessen, P.C., L.L.O.** Koley Jessen is an Omaha, NE law firm that employed individual lawyers who received and retained the misappropriated information received from Van Gilder, and concealed the information and taking with the intent to do so permanently until forced by court rules to disclose it.

## General Background

9. DatabaseUSA's business activity includes data aggregation, data processing, and development of lists in reference to information for business use and sales. DatabaseUSA sells organized, aggregated, and appropriately presented readily available public and other information assembled in lists or presentations suitable for commercial uses by its customers. It sells these lists of data to public purchasers in a highly competitive market for such sales activity and for leads for business purposes. DatabaseUSA competes for sales with Infogroup.

10. DatabaseUSA is a young recent startup company. It entered a highly fragmented list and information services market when it launched its operations in late 2010. A leading publication covered DatabaseUSA's entry into the market as follows:

> The newest list management company, joining dozens in a highly fragmented industry, is Database101.com, founded by Vinod Gupta, CEO and former CEO-chairman and founder of big database holding company Infogroup. *BtoB* asked Gupta and Monica Messer, the company's president-database and technology (and former Infogroup COO), about their plans for the company and how they intend to differentiate it in a crowded field.[1]

11. DatabaseUSA operates with a business plan different from most of its major competitors, including Infogroup. DatabaseUSA employs about 200 persons, buys data from several vendors, obtains the rights to reformat, reconfigure for receptivity to search queries and user access, and use its proprietary models to make unique lists using this data. It makes millions of phone calls and website visits to gather and verify data. Its

---

[1] http://www.btobonline.com/apps/pbcs.dll/article?AID=/20110314/DIRECT/303149971/0/DIRECT0101#seenit

D2619502

3

**EXHIBIT A**

lists are highly valuable to its customers. DatabaseUSA sells its information in a "software services" environment. DatabaseUSA targets select customer groups of a particular size and type, as a primary emphasis.

12. Certain parts of DatabaseUSA's business plan are highly confidential and carefully protected. Other parts are publicly known or discernible. Under disclosed parts of its business plan, DatabaseUSA plans to, and does:

- 12.1. Purchase commercially-available electronically-accessible manipulable lists of data concerning individual businesses and individuals.[2] Each individual entry on these lists is generally referred to as a "record." Data of this type has become ubiquitous. It is purchasable in large quantities at low costs. For example, a list of 14.5 million US businesses including business names, complete addresses, and telephone numbers can be purchased for under $1,000. Large blocks of email addresses, numbering tens of millions, can be purchased for under $2,000. DatabaseUSA adds value by organizing and aggregating the data in unique ways or for specialized users. It makes millions of phone calls and website visits to gather and verify data in this process.
- 12.2. Develop sophisticated proprietary models which are made more valuable when used to enhance ubiquitous data and data sources, to make them sorted, or sortable, and thereby useful to subsequent purchasers of the data.
- 12.3. Enhances the data it offers to meet the needs and interests of its target customers, including small customers who seek ways to cope with economic slow-down while being effective at sales.
- 12.4. Prices, and offers, its goods and services at prices within the reach of its target customers, and well below those required by now outdated, compilation activities like those of Infogroup.
- 12.5. Provide market presence through electronic and personal contact with customers and potential customers.

---

[2] Many sellers of data of this kind can be identified readily. Among these are Hoovers, Manta, Ask.com,

12.6. Attracts quality personnel, offers equity incentives and rewards for their entrepreneurial efforts and successes, expects loyal, responsible work output and adherence to DatabaseUSA policies; this includes personnel with experience within the industry.

12.7. Studies and adapts to ever-changing needs and interests of sales people and small businesses with constant evolution of products and information.

13. DatabaseUSA's business plan recognizes the ubiquity of information and lists. It also recognizes the value of making ubiquitous data sortable on terms and under circumstances that match the needs of its customers and, therefore, becomes useful to them. Database's plan is to market its goods and services, and sell software and service, to secondary customers and small businesses.

14. DatabaseUSA goes to considerable effort to protect the uniqueness, integrity, safety and accuracy of its products and product offering, and compiled data. It insists that its personnel observe and maintain DatabaseUSA's information in confidence. In the lawsuit with Infogroup described below, it sought, and obtained a Court Order to protect its trade secrets and data.

## FACTS

15. Blake Van Gilder was terminated from his employment with DatabaseUSA on July 20, 2015. His responsibilities ceased at that time. When terminated, Van Gilder was paid in full at his regular rate of compensation, which was approximately $70,000 per year, plus benefits. Van Gilder was employed at DatabaseUSA from on or about August 23, 2012 until his termination on July 20, 2015.

16. Van Gilder was once a valued employee entrusted with significant responsibilities at DatabaseUSA. Van Gilder was DatabaseUSA's Vice President of Database Licensing. This was a position in which Van Gilder's duties included sales, calls on customers, input into the development of aggregated lists of information to meet customer needs, and protection of trade secrets and confidential information.

**EXHIBIT A**

17. Van Gilder commenced his employment on or about August 23, 2012 when he was offered the position of Regional Sales Manager of the Enterprise-License Divisions at DatabaseUSA. His initial annual compensation was $69,000.00.

18. As an employee of DatabaseUSA, Van Gilder became responsible to abide by the company's policy, including policies concerning confidential information and polices concerning the use of sources of data commercially available and available in the public domain, but not to use information from any sources derived from any prior employer or competitor in any inappropriate way.

19. On February 12, 2014, during his employment with DatabaseUSA, database, Van Gilder, and other parties were sued by Infogroup, Inc. and 2 related companies in US District Court, District of Nebraska, Case No. 8:14-CV-00049. Injunctive relief was initially sought. Expedited discovery was ordered on the injunction issue. The Court issued a Protective Order protecting the confidentiality of information; this Order (#29 on the Federal Court docket) was entered April 30, 2014. It remains in effect. Van Gilder was aware of the Protective Order as were all parties to the litigation. DatabaseUSA provided defense lawyers for Van Gilder. The lawsuit against Van Gilder and certain other individual defendants was dismissed. But, the lawsuit continued, and remains pending now, between the Infogroup Plaintiffs, and Defendant DatabaseUSA and one individual defendant. Van Gilder knew this when DatabaseUSA terminated his employment. So did Infogroup and its lawyers, Koley Jessen.

20. At all relevant times, the Protective Order in the federal lawsuit was in effect. Among other things, the Protective Order required, in its ¶28 that:

> 28. Counsel for the Receiving Party shall promptly notify the Producing Party upon becoming aware of any loss, theft and/or unauthorized copying or disclosure of Protective Material, and shall take all steps reasonably necessary and available to retrieve such Protective Material, and shall take all steps reasonably necessary and available to retrieve such Protective Material and prevent any further unauthorized access or dissemination.

21. This provision and others in the Protective Order were designed to prevent any theft, misuse, abuse, or distribution of Confidential or Protected Material, and to

assure that the portion of the Protected Material described in the order designated as Attorney's Eyes Only would not be seen by others.

22. Notwithstanding the foregoing Order, neither Infogroup nor Koley Jessen informed DatabaseUSA by promptly notifying it of the Van Gilder theft and delivery of the misappropriated information to them as required by the Order. This information is described below.

23. During his employment, Van Gilder encountered performance, and personal, problems including:

   23.1. Addictive behaviors requiring in-patient care at Valley Hope Association, O'Neill, Nebraska. DatabaseUSA voluntarily paid the expense of that care and allowed Mr. Van Gilder to return to attempt success at work.

   23.2. Domestic problems resulting in the termination of his marriage and associated behaviors resulting in criminal proceedings against Mr. Van Gilder.

   23.3. Criminal misconduct involving his criminal conviction for a felony and also one or more misdemeanors in State Court in Nebraska.

24. Van Gilder was eventually terminated from his employment by DatabaseUSA because: (a) he was charged with and convicted of serious criminal activity in Case No. CR15-2557, District Court, Douglas County, Nebraska, and was also charged and convicted in other criminal litigation; and (b) he engaged in improper behaviors, and became erratic during at DatabaseUSA employment. His convictions included a felony. This conviction occurred in 2015.

25. Van Gilder was not authorized to take any material from DatabaseUSA with him when he departed from DatabaseUSA's employment. He was not authorized to gain or abuse access to computers to obtain, copy, distribute, or deliver to anyone else, or to use for any non-work purpose, any of the information identified below.

26. It is now known, however, that Van Gilder did purloin, and later deliver to DatabaseUSA's competitor or its agent, proprietary information and trade secrets.

**EXHIBIT A**

## The Information Taken

27. Despite DatabaseUSA's extensive efforts to protect its confidential information and data, Van Gilder accessed DatabaseUSA's computers, misused and abused the computer and his privileges to access them, and removed, without authorization, in electronic form, at least the following records:

   27.1. Two Records of proprietary customer prospects, each entitled "Chad Prospect File"

   27.2. A third prospect file entitled "Prospects C-DO"

   27.3. A proprietary document entitled "Layout Business 201502" describing a highly confidential and proprietary schematic for the aggregation and assembly of information within DatabaseUSA.

   27.4. More than 1,000 pages of data marked "Attorneys Eyes Only" as a result of the Court Order in the federal court lawsuit.

   27.5. A series of DatabaseUSA License Agreements with customers, containing highly confidential information, DatabaseUSA Business Layouts, DatabaseUSA Master License and Service Agreements with customers, product schedules to Master Agreements, and extensive lists of confidential internal data.

   27.6. One or more proprietary data collection and entry spreadsheets for organizing, preserving, and retrieving data comprising individual records to allow their collection into lists and products for customers.

28. Van Gilder was aware of the Protective Order issued in the federal litigation on April 30, 2014. He was a party to the lawsuit at that time and, at that date, was employed by DatabaseUSA. Infogroup was the Plaintiff in the federal lawsuit in which the Order was issued, and Koley Jessen was, by 2016 when Van Gilder delivered the information to Infogroup, one of the legal groups representing Infogroup in the lawsuit.

**EXHIBIT A**

29. This data has substantial proprietary value, and was recognized as having such value, by the Confidentiality Order issued by the United States District Court for the District of Nebraska in Case No. 8:14-cv-0049.

30. The acts and omissions described below and committed by the defendants proximately caused damages. DatabaseUSA is entitled to general damages, nominal damages if general damages cannot be proven, and special damages proximately caused by the conversion. Discovery is required to ascertain the nature and extent of the special damages but they include, at a minimum:

> 30.1. Loss of the expenses incurred to protect the information from improper disclosure by actions to achieve entry of the Court's April, 2014 Protective Order, and costs to sort the information for disclosure pursuant to that Order, estimated at $150,000;
>
> 30.2. Expenses incurred to protect its trade secrets and information from employees, which efforts have been compromised and required to be altered and implemented, estimated at $20,000 or more; and
>
> 30.3. Any gains by Defendant from use of the misappropriated data, measured by disgorgement of those gains. Discovery is required to ascertain these sums.
>
> 30.4. DatabaseUSA's position of competitiveness and reputation was damaged by the misappropriation and taking of this information. These acts threaten to compromise DatabaseUSA's perception at the marketplace as company that can be relied upon to maintain confidences and to have a secure database as free as possible of risks of unauthorized access or hacking and taking of information.
>
> 30.5. Nominal special damages.

**First Claim: Conversion – Against Van Gilder**

31. All allegations above are renewed here. This First Claim is against Defendant Van Gilder.

**EXHIBIT A**

32. Van Guilder wrongfully took, and misappropriated, the trade secrets and information from DatabaseUSA with the intent to permanently deprive DatabaseUSA of it and to conceal his taking. He did so by gaining improper and unlawful access, or exceeding authorized access, to computers storing to the information. Van Gilder did so to use the information against DatabaseUSA and to deliver it to DatabaseUSA's competitor and adversary in the federal lawsuit with the intention that Van Gilder would receive an advantage by doing so, or to harm DatabaseUSA as an act of reprisal.

33. Van Gilder contacted one of Infogroup's senior personnel at Omaha, Amit Khanna. Van Gilder informed Khanna that he had information that he thought Khanna would be interested in and arranged to deliver it to him. Khanna contacted his lawyers at the Koley Jessen, PC LLO, one of its law firms, and asked Koley Jessen to undertake contacts with Van Gilder. Koley Jessen lawyers did so while remaining in contact with their client, Infogroup and making decisions in concert with it.

34. In March, 2016, with the knowledge of Infogroup and its consent, Koley Jessen received the misappropriated data from Van Gilder. Koley Jessen lawyers have admitted that they retained the information and materials received from Van Gilder.

35. Van Gilder converted this information. He did so by:

    35.1. Taking the information from DatabaseUSA without authorization and misappropriating it.

    35.2. Delivering the information to Infogroup representatives at Infogroup instructions and permitting Infogroup lawyers to retain it with the intention to permanently deprive DatabaseUSA of the information and to use the information to harm DatabaseUSA.

36. Van Gilder's actions constitute a civil theft. His actions were a proximate cause of damages to DatabaseUSA as alleged above. Judgment is sought for these damages.

### Second Claim: Conversion – Infogroup & Koley Jessen

37. All allegations above are renewed here. This claim is against Infogroup and Koley Jessen.

10

D2619502

**EXHIBIT A**

38. In March, 2016, with the knowledge of Infogroup and its consent, Koley Jessen received the taken and misappropriated data from Van Gilder. Mr. Khanna of Infogroup admitted awareness of delivery of the materials and retention of them without disclosure to DatabaseUSA. Koley Jessen lawyers admitted that they retained the data and material received from Van Gilder. They said they did not copy it or deliver it to Infogroup, but admitted they did disclose certain names from the data to Infogroup. Names in the data are of DatabaseUSA customers. Precisely which names were disclosed remains unknown to DatabaseUSA.

39. How this information was used, what commercial, anticompetitive, or abusive deployment of the data occurred is not known and DatabaseUSA does not yet know the extent to which Infogroup profited or benefited from the misappropriated information. However, the information has substantial commercial value, is important and significant to DatabaseUSA and constitutes some of its most confidential data.

40. Van Gilder was deposed as a witness in the federal lawsuit. His sworn deposition was conducted in Sioux Falls, South Dakota in April, 2017, approximately thirteen (13) months after Koley Jessen and Infogroup obtained the misappropriated data and trade secrets from Van Gilder. The information received was readily identifiable as highly confidential; a substantial part of it bore confidentiality designations made pursuant to the Federal Court's 2014 Protective Order and much of it was marked as viewable by "Attorney's Eyes Only" under the Order.

41. Koley Jessen and Infogroup agreed to, and did retain the information without disclosing and did so until compelled by provisions of the Federal Rules of Civil Procedure to disclose it to DatabaseUSA.com in June 2, 2017, about fourteen (14) months after the misappropriated data came into their possession. The circumstances reveal that it was the intention of the Defendants, Infogroup and Koley Jessen to permanently conceal and detain the data from DatabaseUSA.

42. The receipt and retention and concealment of the disclosed information constituted and extension of Van Gilders original taking and conversion, and therefore,

**EXHIBIT A**

became a continuation and separate act of conversion with intent to permanently depriving DatabaseUSA's of its property.

43. These acts were a proximate cause of damages to DatabaseUSA as alleged above. Judgment is sought for those damages.

### Third Claim: *Nebraska Trade Secrets Act*

44. All allegations above are renewed here. This claim, asserted against all Defendants, alleges violation of the *Nebraska Trade Secrets Act, Neb Rev Stat § 87-501 et seq.*

45. Defendant Van Gilder's actions were designed to and did take the proprietary trade secrets, including customer and data lists, and customer and data formats of DatabaseUSA. This was accomplished by improper means, theft, breach of a duty to maintain secrecy, and it constituted misappropriation of the data taken.

46. Defendant Van Gilder misappropriated the trade secret information as defined by *Neb Rev Stat § 87-502*. The data and information he took included formulas, patterns, compilations, methods, techniques and processes that derived independent economic value, both actual and potential, from not being known and not being ascertainable by other persons as defined by *Neb Rev Stat § 87-502*. This information was also the subject of DatabaseUSA's reasonable efforts under the circumstances to maintain its secrecy for the benefit of DatabaseUSA.

47. Defendants Infogroup and Koley Jessen, aided and assisted in this misappropriation of trade secrets, and extended the misappropriation by withholding the data from March, 2016, until at least June, 2017, a period of retention of at least fourteen (14) months. Then, they disclosed what was received from Van Gilder when compelled to do so by requirements of the Federal Rules of Civil Procedure.

48. DatabaseUSA went to considerable efforts to develop, aggregate, compile, organize, negotiate for, and realize commercial contracts for the sale of the misappropriated information, and it went to considerable lengths to develop the format, spreadsheet, and tools used to aggregate the information. DatabaseUSA expended considerable sums of money to obtain the aggregated information, assimilate it into its

**EXHIBIT A**

database in an appropriately organized fashion, and convert it from an ambiguous list to and usable set of products of commercial value to DatabaseUSA's customers.

49. Defendants, Infogroup and Koley Jessen, misappropriated the trade secrets by acquiring them from Van Gilder, when they knew or had reason to know that the trade secrets were acquired by improper means, and knew or had reason to know that Van Gilder was disclosing or using the information by delivering it to them without express or complied consent by DatabaseUSA. Further, Defendants, Infogroup and Koley Jessen, knew at the time they received the data that it was from Van Gilder, a person who had utilized improper means to acquire it.

50. When Defendants, Infogroup and Koley Jessen, acquired the data they did so under circumstances giving rise to a duty to maintain its secrecy, limit its use and make DatabaseUSA aware that it had been misappropriated as alleged above.

51. The misappropriation renders a monetary recovery inequitable and, as a result, DatabaseUSA is entitled by *Neb Rev Stat* § 87-504 to recover damages for misappropriation including both the actual loss caused and the unjust enrichment realized by the misappropriation, which unjust enrichment is not taken into account in computing actual loss. In lieu of any other methods, if none can be established through evidence, then damages caused by misappropriation may be measured by imposition of liability for reasonable royalties. If this is required, the royalty may be imposed upon on each Defendant, jointly and severely. Database requires discovery to ascertain these damages.

52. Infogroup and Koley Jessen's retention of the data proximately caused financial losses to DatabaseUSA. Those damages include at a minimum, the damages alleged above. Discovery is required to ascertain the extent of damages. Judgment is sought for the damages proximately caused by these Defendants.

### Fourth Claim: Aiding & Abetting & Civil Conspiracy

53. All allegations above are renewed here. This claim is asserted against Infogroup and Koley Jessen.

54. The conduct of Van Gilder was intentional and wrongful. Infogroup and Koley Jessen joined in Van Gilder's actions and made an agreement with him to advance

13

**EXHIBIT A**

his purposes, and conceal his taking and the information taken. By doing so it conspired with Van Gilder to commit and advance his conversion, and his misappropriation and it added and abetted Van Gilder to do so.

55. The conspiracy and acts of aiding and abetting constitute proximate causes of the damages sustained by DatabaseUSA and described above. Judgment is sought for those damages.

### Fifth Claim: Computer Fraud & Abuse Act – Van Gilder

56. All allegations of ¶¶ 1 – 35 & ¶¶ 43-51 above are renewed here. This claim is asserted against Blake Van Gilder.

57. The *US Computer Fraud & Abuse Act*, 18 USC § 1030, prohibits unauthorized access to broad classes of computerized data to which access is not authorized and includes data stored on any protected computer involved in interstate or foreign communications.

58. Van Gilder knew that the data taken by Van Gilder constituted information stored on the protected computers of DatabaseUSA that was used in interstate and foreign communications. These computers are used by DatabaseUSA in its business and business activity as vender of information in all fifty (50) states in the United States and in foreign nations. This activity and use of DatabaseUSA's computers make them "protected computers" as defined by 18 USC § 1030 (a) (2) (C).

59. Van Gilder intentionally accessed DatabaseUSA's protected computers without authorization, or exceeded his authorized access and thereby obtained the items taken. Van Gilder exceeded his authorized access by using his access to obtain information he was not entitled to obtain and to remove that information.

60. Van Gilder's actions, were undertaken for the purpose of misappropriating trade secret information that Van Gilder intended to use to seek compensation, favors, employer or benefits from the other Defendants, or to demand or request money or things of value from DatabaseUSA, or to cause commercial damages to DatabaseUSA, all contrary to 18 USC § 1030 (a) (1) (C) (6) & (7).

D2619502

**EXHIBIT A**

61. DatabaseUSA, as the party who suffered damages or loss by reason of the actions by Van Gilder, is authorized by 18 USC § 1030 (g) to maintain this civil action against the violator to obtain compensatory damages.

62. This action is brought within two (2) years of Van Gilder's wrongful conduct as required by 18 USC § 1030 (g) because Van Gilder did not complete the unlawful use and delivery of the information to DatabaseUSA's competitors until March, 2016. Furthermore, Van Gilder delivered the wrongfully taken information to the other Defendants in March 2016. They held it and did not disclose its presence until required by Federal Rules of Civil Procedure to do so on June 2, 2017. At that time, Database discovered the acts of unauthorized computer access.

63. The economic damages proximately caused to DatabaseUSA as a result of the unauthorized access to its computers by Van Gilder exceed $5,000.00. The damages include at least the amounts alleged above. Judgment is sought for those damages.

### Requests for Relief

64. On the forgoing basis, Plaintiff, DatabaseUSA, respectfully requests:

    64.1. Judgment for general and special damages as alleged. Leave to amend the Complaint to state its special damages as they are learned after discovery.

    64.2. Judgment against Defendants, jointly and severally, for all damages incurred and if the damages cannot be precisely measured in economic terms then damages appropriately compensate DatabaseUSA under the provisions of *Neb Rev Stat* § 87-504.

    64.3. Judgment for costs and attorneys' fees to the extent permitted by law.

### Jury Demand

65. Plaintiff demands trial by jury.

September 11, 2017.

**EXHIBIT A**

| Declaration | |
|---|---|
| I declare, pursuant to 28 USC 1746, and under penalty of perjury, that the facts recited above are true and accurate.<br>Omaha NE. September 11, 2017.<br><br>*[signature]*<br>Vinod Gupta,<br>for DatabaseUSA.com LLC | DatabaseUSA.com, LLC, Plaintiff,<br><br>By: *[signature]* 9-11-17<br>David A. Domina, #11043<br>DOMINALAW Group pc llo<br>2425 S. 144th St., Omaha, NE 68114<br>(402) 493-4100<br>domina@dominalaw.com<br><br>*Plaintiff's Lawyers* |

16

D2619502

**EXHIBIT A**