IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DATABASEUSA.COM, LLC | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO 8:17-CV-386 |
| | ) | |
| vs. | ) | |
| | ) | |
| BLAKE VAN GILDER; INFOGROUP, | ) | **DEFENDANT KOLEY JESSEN, P.C.** |
| INC., a Corporation; and KOLEY | ) | **L.L.O.'S MOTION TO DISMISS** |
| JESSEN, P.C. L.L.O. | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Koley Jessen, P.C. L.L.O. ("Koley Jessen") moves the Court to dismiss all claims asserted against it in this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Koley Jessen has filed an accompanying Brief in support of this motion, and further states:

1. This case is based entirely on a discovery dispute between the parties to *Infogroup, Inc. v. DatabaseUSA.com, LLC*, No. 8:14CV0049 ("the Underlying Litigation"), which is currently pending in this District.

2. Plaintiff DatabaseUSA.com ("Database") contends that Koley Jessen – counsel for Defendant Infogroup, Inc. ("Infogroup") in the Underlying Litigation – waited too long to turn over documents that were provided to Koley Jessen by Defendant Blake Van Gilder ("Van Gilder"). Van Gilder is a former employee of Infogroup who went to work for Database after leaving Infogroup. He was fired by Database during the pendency of the Underlying Litigation. After being fired by Database, Van Gilder offered to be a whistleblower against Database and, in connection with that offer, provided a flash drive with the documents in question to Koley Jessen. Koley Jessen did not share the documents with Koley Jessen's client Infogroup.

3. Database acknowledges that Koley Jessen turned over the documents to counsel for Database once the Federal Rules of Civil Procedure required it to do so. (Compl. ¶ 47 (noting that Koley Jessen "disclosed what was received from Van Gilder when compelled to do so by requirements of the Federal Rules of Civil Procedure")). Nonetheless, it claims to have been damaged by the alleged delay.

4. Database filed a Motion for Sanctions in the Underlying Litigation (the "Sanctions Motion") raising the same arguments upon which it bases its claims here. (ECF No. 256, Mot. for Sanctions, *Infogroup, Inc. v. DatabaseUSA.com, LLC*, No. 8:14CV0049, D. Neb; ECF No. 277, Audio File, *Infogroup, Inc. v. DatabaseUSA.com, LLC*, No. 8:14CV0049, D. Neb. (statement by Judge Zwart acknowledging the issues are the same)).[1] In its opposition to the Sanction Motion, Koley Jessen explained, in detail, what it did with the documents it received from Van Gilder and why no discovery violation had occurred. (ECF Nos. 265-266, Brief in Opposition to Motion to Sanctions and accompanying exhibits, *Infogroup, Inc. v. DatabaseUSA.com, LLC*, No. 8:14CV0049, D. Neb.) The evidentiary record on the Sanctions Motion was made and closed. Thus, the issues presented here were already before Magistrate Judge Zwart, fully briefed and argued, and Judge Zwart was prepared to rule on them. (*See* ECF No. 277, Audio File, *Infogroup, Inc. v. DatabaseUSA.com, LLC*, No. 8:14CV0049, D. Neb. (statement by Judge Zwart)). Before Judge Zwart could rule, however, Database filed this lawsuit, and subsequently withdrew its motion for sanctions. (Compl.; ECF 279, Order Granting Motion to Withdraw Document, *Infogroup, Inc. v. DatabaseUSA.com, LLC*, No. 8:14CV0049, D. Neb.)

---

[1] Because the documents filed in the Underlying Litigation are subject to judicial notice, the Court can consider them without converting this motion into one for summary judgment. *Stahl v. U.S. Dept. of Agriculture,* 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.").

5. The Complaint should be dismissed because it fails to state a claim upon which relief may be granted. The Federal Rules of Civil Procedure do not create a cause of action for an alleged discovery violation. Simply claiming a party's failure to timely disclose documents is insufficient to state a claim for conversion, violation of the Nebraska Trade Secrets Act, aiding and abetting, or civil conspiracy.

6. First, Database cannot state a claim for conversion because it was not deprived of the use of its property. "The essence of conversion is not acquisition by the wrongdoer, but the act of depriving the owner wrongfully of the property." *Malone v. Kantner,* No 4:12CV3190, 2015 WL 5156861 at *15 n.6 (D. Neb. Sept. 2, 2015) (Gerrard, J.) (internal quotation marks omitted). "The law of conversion is concerned with possession, not title. Therefore *conversion of intangible property cannot occur where the plaintiff still has the information that the defendant allegedly appropriated.*" *Superior Edge. Inc. v. Monsanto*, 964 F.Supp.2d 1017, 1039 (D. Minn. 2013) (emphasis added) (internal quotation marks and citations omitted); *see also ACI Worldwide Corp. v. MasterCard Technologies*, No. 8:14CV31, 2014 WL 7409750 at *9 (D. Neb. Dec. 31, 2014) (dismissing a claim for conversion because the plaintiff "failed to allege that it was *deprived* of its property in any form") (emphasis in original). Because Database has not contended that it lost access to the information it claims Van Gilder wrongfully acquired, it has not stated a conversion claim.

7. Second, Database's claim for violation of the Nebraska Trade Secrets Act fails because Koley Jessen was not involved in any wrongful acquisition of the information from Database. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3

"[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. Willmar Pub. Sch. Indep. Sch. Dist. No. 437*, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Here, the Complaint contains only a summary recitation of misappropriation: "Defendants, Infogroup and Koley Jessen, misappropriated the trade secrets by acquiring them from Van Gilder, when they knew or had reason to know that the trade secrets were acquired by improper means . . . ." (Compl. ¶ 49.) Even taking all facts pled in the Complaint as true, DatabaseUSA has not stated a claim against Koley Jessen for violation of the Nebraska Trade Secrets Act.

8. Database's claim for "Aiding & Abetting and Civil Conspiracy" similarly fails because the Complaint alleges no facts to suggest that Koley Jessen had any involvement in acquiring the documents wrongfully from Database, to the extent they were wrongfully acquired. (Compl. ¶¶ 26, 33.) The Complaint asserts that Koley Jessen retained the documents for fourteen months before disclosing them, but the simple fact is that Koley Jessen had no legal obligation to turn over the documents until they were requested in discovery.[2] As the Complaint acknowledges, Koley Jessen turned over the documents when it was required to do so by the Federal Rules of Civil Procedure. (Compl. ¶ 47.) The facts pled against Koley Jessen in the Complaint are insufficient to state a claim for aiding and abetting or civil conspiracy.

---

[2] Infogroup, Inc. was not obligated to supplement its initial disclosures because it did not intend to rely on the documents to support its claims. *See* Fed. R. Civ. P. 26(a)(ii) (requiring a copy or description of only those documents that a party "may use to support its claims or defenses, unless the use would be solely for impeachment").

4

For these reasons, as discussed in more detail in Koley Jessen's accompanying Brief, the Complaint fails to state a claim upon which relief may be granted against Koley Jessen and the claims asserted against it should be dismissed, with prejudice.

Dated this 15th day of December 2017.

Respectfully submitted,

/s/ *Maryl C. Sattler*
William F. Hargens (#16578)
Maryl C. Sattler (#25869)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, Nebraska 68102
Phone: (402) 341-3070
Fax: (402) 341-0216

*Counsel for Koley Jessen, P.C. L.L.O.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2017, I electronically filed the foregoing with the Clerk of the U.S. District Court using the CM/ECF system which will send notice such filing to all CM/ECF participants.

/s/ *Maryl C. Sattler*
Maryl C. Sattler