UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DATABASEUSA.COM, LLC , <br><br>        Plaintiff, <br> vs. <br><br> BLAKE VAN GILDER, <br> INFOGROUP, INC., a Corporation, and <br> KOLEY JESSEN, P.C., L.L.O., <br><br>        Defendants. | Case No.   8:17-CV-386 |

**BRIEF IN SUPPORT OF INFOGROUP, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

PREPARED AND SUBMITTED BY:

Matthew D. Hammes #21484
LOCHER PAVELKA DOSTAL
BRADDY & HAMMES, L.L.C.
200 The Omaha Club
2002 Douglas St.
Omaha, NE 68102
P: (402) 898-7000
F: (402) 898-7130
mhammes@lpdbhlaw.com

ATTORNEYS FOR DEFENDANT INFOGROUP, INC.

## I. INTRODUCTION

Plaintiff DatabaseUSA.com, LLC ("Database") initiated this lawsuit based on a discovery dispute in another pending lawsuit before this Court, the matter of *Infogroup, Inc. v. DatabaseUSA.com*, appearing at Case No. 8:14-CV-49 ("the Underlying Litigation").  In the Underlying Litigation, a discovery dispute arose wherein Database claimed that Koley Jessen, P.C. L.L.O. ("Koley Jessen") (counsel for Defendant Infogroup, Inc. ("Infogroup") in the Underlying lawsuit) did not provide documents to Database that had been provided to Koley Jessen by Defendant Blake Van Gilder ("Van Gilder").

The discovery dispute in the Underlying Litigation manifested itself in the form of Database filing a Motion for Sanctions (ECF No. 256, Def.'s Mot. for Sanctions, Case No. 8:14CV00049, D. Neb.).  The issues surrounding the discovery dispute were fully briefed by the parties (ECF Nos. 259, 265, 268, Case No. 8:14CV00049, D. Neb), evidence was offered (ECF Nos. 258 and 266, Case No. 8:14CV00049, D. Neb), and the issues were fully submitted to the Court (ECF No. 277, Case No. 8:14CV00049, D. Neb).

However, before the Court issued its ruling on the Motion for Sanctions in the Underlying Litigation, Database repackaged its discovery dispute by restyling the allegations contained in its discovery motion into various legal claims against the named Defendants, and then filing those claims as a lawsuit on or about September 11, 2017 in the District Court of Douglas County, Nebraska (ECF No. 1, Exhibit A – Plaintiff's Complaint and Jury Demand).  On October 24, 2017, Database then withdrew its

Motion for Sanctions that had been pending in the Underlying Litigation (ECF No. 278, Case No. 8:14CV00049, D. Neb).

The Complaint that Database filed in state court against Infogroup, Inc. was properly and timely removed to this Court.  (*Please see* ECF No. 1).  In the Complaint, Database asserts three claims against Infogroup, Inc.: (1) a claim alleging conversion; (2) a claim alleging a violation of the Nebraska Trade Secrets Act, Neb. Rev. Stat. §87-501, et seq.; and (3) a claim of "aiding and abetting a civil conspiracy."  ECF No. 1, Exhibit A.

Infogroup has now filed its Motion to Dismiss (ECF No. 17) pursuant to Federal Rule of Civil Procedure 12(b)(6), for the reason that Database's Complaint fails to allege sufficient facts to state a claim upon which relief may be granted against Infogroup.

## II.  SUMMARY OF FACTS

Public records are subject to judicial notice and may therefore be considered on a Rule 12(b)(6) motion to dismiss, without converting the motion into one for summary judgment. *See Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."). See also *Stutzka v. McCarville,* 420 F.3d 757, 760 n.2 (8th Cir.2005) (stating courts "may take judicial notice of judicial opinions and public records"); *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 697, n.4 (8th Cir.2003) ("[I]n considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint.").

A recitation of the facts surrounding and relied upon in support of Infogroup's Motion to Dismiss (ECF No. 17) are set forth within the exhibits to Plaintiff's Index of Evidence in Support of Plaintiff's Brief in Opposition to Defendant's Motions for Sanctions filed in the Underlying Litigation (ECF 266, Case No. 8:14CV00049, D. Neb.; ECF 266-1: Declaration of Gregory C. Scaglione; ECF 266-2: Declaration of Laura De Santos; and ECF 266-3: Declaration of Amit Khanna).

Further, Infogroup, Inc. adopts, as if fully set forth herein, the statement of facts set forth in the section of the Brief in Support of the Motion to Dismiss of Koley Jessen captioned as "Background", beginning on Page 2 and continuing through Page 7  (ECF No. 16, Pages 2-6).

## III. LEGAL ARGUMENT

A.    **A MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) IS PROPER WHERE THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

A defendant is entitled to move to dismiss a complaint where the complaint fails to state a cause of action. *See* Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 679.

A court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

**B.     DATABASE'S CLAIM FOR CONVERSION SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE FACTS TO CONSTITUTE A CLAIM**

The claim for conversion in Database's Complaint against Infogroup should be dismissed for the reason that the Complaint fails to set forth allegations which, if true, would constitute a claim for conversion.   Database alleges that Van Gilder obtained information from its computer system that was confidential and proprietary. (Compl. ¶¶ 1, 26-27.)   However, Database does not claim that it has been *deprived* of the use of such property or that Infogroup destroyed or deleted the information that Database claims is confidential and proprietary.

"The essence of conversion is not acquisition by the wrongdoer, but the act of depriving the owner wrongfully of the property.'" *Malone v. Kantner,* No 4:12CV3190, 2015 WL 5156861 at *15 n.6 (D. Neb. Sept. 2, 2015) (Gerrard, J.) (internal quotation marks omitted).

5

"The law of conversion is concerned with possession, not title. Therefore *conversion of intangible property cannot occur where the plaintiff still has the information that the defendant allegedly appropriated.*" *Superior Edge. Inc. v. Monsanto*, 964 F.Supp.2d 1017, 1039 (D. Minn. 2013) (emphasis added); *see also ACI Worldwide Corp. v. MasterCard Technologies*, No. 8:14CV31, 2014 WL 7409750 at *9 (D. Neb. Dec. 31, 2014) (dismissing a claim for conversion because the plaintiff "failed to allege that it was *deprived* of its property in any form") (emphasis in original).

Database has not pled facts to show that it has been deprived of its property. Rather, Database alleges that others have a copy of some information it claims is confidential and proprietary. Such allegations do not amount to a claim for conversion under Nebraska law. Accordingly, Database has failed to state a claim for conversion and such claim should be dismissed.

## C.    DATABASE'S CLAIM FOR VIOLATION OF THE NEBRASKA TRADE SECRETS ACT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE FACTS TO CONSTITUTE A CLAIM

Database's claim for violation of the Nebraska Trade Secrets Act should be dismissed for the reason that its Complaint fails to set forth allegations which, if true, would constitute such a claim against Infogroup. To be successful on such a claim against Infogroup, Database must allege facts that would support a finding that Infogroup participated in the alleged misappropriation of the information by Van Gilder from Database. However, the Complaint does not allege that Infogroup was involved in the alleged misappropriation by Van Gilder of information it claims is confidential and

proprietary, nor does it allege that Infogroup had any way of knowing what information was contained on a flash drive provided by Van Gilder to Koley Jessen.

The Nebraska Trade Secrets Act defines misappropriation as follows:

(a) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

(b) Disclosure or use of a trade secret of another without express or implied consent by a person who:

(i)  Used improper means to acquire knowledge of the trade secret:

(ii)  At the time of the disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was:

(A) Derived from or through a person who had utilized improper means to acquire it;

(B) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

(C) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

(iii) Before a material change of his or her position, knew or had reason to know that the information was a trade secret and that knowledge of it had been acquired by accident or mistake.

Neb Rev. Stat. § 87-502(2).

The Complaint states that Infogroup, by and through its attorneys, Koley Jessen, disclosed the Van Gilder documents "when compelled to do so by the requirements of the Federal Rules of Civil Procedure." It also makes a conclusory assertion that retention of Van Gilder documents over a 14 month period constitutes "aid[ing] and assist[ing] in the misappropriation of trade secrets"  (Compl. ¶ 47.)

Notably, the Complaint does not plead any facts that suggest Infogroup was involved in acquiring the information at issue from Database, that Infogroup directed Van Gilder to acquire the documents, that Infogroup knew that Van Gilder was acquiring the documents, or that Infogroup had anything whatsoever to do with their acquisition. The Complaint does not claim that when Koley Jessen received the information on a flash drive from Van Gilder, Infogroup saw the information on the drive, was ever in direct possession of any documents on the drive, or was made aware of any specific information contained on the drive. (Compl. ¶¶ 47-52.) Further, no facts are plead to suggest that Infogroup had reason to believe the documents Van Gilder provided to Koley Jessen were acquired improperly. *See* Neb. Rev. St. 87-502 (defining misappropriation).

Instead, the Complaint contains a formulaic recitation of misappropriation, by alleging that "Defendants, Infogroup and Koley Jessen, misappropriated the trade secrets by acquiring them from Van Gilder, when they knew or had reason to know that the trade secrets were acquired by improper means." (Compl. ¶ 49.) However, merely reciting the elements of misappropriation is not enough to state a viable claim. *See Twombly*, 550 U.S. at 555 ("'a plaintiff's obligation to provide the grounds of his

8

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do'").

For purposes of Infogroup's Motion to Dismiss, taking all facts pled in the Complaint as true, Database has not stated a claim against Infogroup for violation of the Nebraska Trade Secrets Act. Accordingly, Infogroup, Inc. respectfully requests that such claim be dismissed.

**D.   DATABASE'S CLAIM FOR AIDING AND ABETTING AND CIVIL CONSPIRACY SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE FACTS TO CONSTITUTE A CLAIM**

Database's claim for "Aiding & Abetting and Civil Conspiracy" should be dismissed for the reason that the Complaint fails to set forth allegations which, if true, would constitute such a claim against Infogroup.  Nebraska law provides that "[a] civil conspiracy is only actionable if the alleged conspirators actually committed some underlying misconduct. Without an underlying tort, there can be no cause of action for a conspiracy to commit the tort. A civil conspiracy is a combination of two or more persons to accomplish by concerted action an unlawful or oppressive object, or a lawful object by unlawful or oppressive means." *deNourie & Yost Homes, LLC v. Frost*, 289 Neb. 136, 854 N.W.2d 298 (2014).

Further, "[a] claim of civil conspiracy requires the plaintiff to establish that the defendants *had an expressed or implied agreement* to commit an unlawful or oppressive act that constitutes a tort against the plaintiff." *Salem Grain Co., Inc. v. Consol. Grain & Barge Co.*, 297 Neb. 682, 701-02, 900 N.W.2d 909, 923-24 (2017)

(emphasis added). Civil conspiracy "is not a separate and independent tort in itself, but, rather, is dependent upon the existence of an underlying tort." *Id.* "Similarly, a claim of aiding and abetting is that in addition to persons who actually participate in concerted wrongful action, persons who aid, abet, or procure the commission thereof, are subject to a civil action therefor." *Id.*

In the present matter, Database fails to allege there was agreement between Van Gilder and Infogroup to wrongfully obtain the documents from Database, or that Infogroup participated in any way with Van Gilder obtaining the information from Database.   What the Complaint does allege is that Van Gilder took the documents from Database when his employment was terminated. (Compl. ¶¶ 25-27, 32.)  Van Gilder *later* contacted Infogroup, who referred Van Gilder to its attorneys, Koley Jessen. (*Id.* ¶ 33.) There is no allegation, however, that Infogroup was involved in wrongfully acquiring the documents from Database (to the extent they were wrongfully acquired). (*Id.* ¶ 33.) Infogroup has not entered into an agreement to misappropriate any information from Database, and Database has not alleged any facts to suggest that Infogroup aided, abetted, or procured the taking of Database's documents.

Because the Complaint does not plead facts to show that there was an agreement to commit an unlawful act constituting a tort, the civil conspiracy claim should be dismissed. Accordingly, Database's claim for aiding and abetting fails, and such claim should be dismissed.

## IV. CONCLUSION

Defendant Infogroup, Inc. respectfully requests that this Court grant its Motion to Dismiss the claims of Database filed against it, with prejudice and for such other and further relief as the Court deems just and equitable.

**RESPECTFULLY SUBMITTED** this 15th day of December, 2017.

                    INFOGROUP, INC., Defendant

            By:     s/ Matthew D. Hammes
                    Matthew D. Hammes, #21484
                    LOCHER PAVELKA DOSTAL
                    BRADDY & HAMMES, L.L.C.
                    200 The Omaha Club
                    2002 Douglas Street
                    Omaha, NE 68102
                    P:  (402) 898-7000
                    F:  (402) 898-7130
                    E:  mhammes@lpdbhlaw.com
                    *ATTORNEY FOR INFOGROUP, INC.*

## CERTIFICATE OF SERVICE

**THE UNDERSIGNED** hereby certifies that on the 15th day of December, 2017, he filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all registrants.

                    s/ Matthew D. Hammes

11