IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DATABASEUSA.COM, LLC,<br><br>                Plaintiff,<br><br>    vs.<br><br>BLAKE VAN GILDER,<br><br>                Defendant. | **8:17CV386**<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Amend Complaint (Filing No. 41), Defendant's Motion to Strike (Filing No. 44), and Defendant's Motion to Strike Brief (Filing No. 48). For the reasons set forth below, Plaintiff's Motion to Amend will be granted, in part. Defendant's Motion to Strike and Motion to Strike Brief will be denied.

**DISCUSSION**

**1.      Motion to Amend Complaint**

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Plaintiff's Complaint originally asserted claims for conversion and misappropriation against Defendants Infogroup, Inc. ("Infogroup"), Koley Jessen P.C., LLO ("Koley Jessen"), and Blake Van Gilder ("Van Gilder") (collectively, "Defendants"). The Complaint also asserted a conspiracy claim against Infogroup and Koley Jessen, as well as a computer fraud claim against Van Gilder. (Filing No. 1.) By Memorandum and Order dated March 27, 2018, the Court

dismissed all claims against Infogroup and Koley Jessen. The Court also dismissed the conversion claim against Van Gilder.[1] ([Filing No. 40](.).)

With respect to the conversion claim, the Court found that Plaintiff's allegations that Van Gilder converted Plaintiff's proprietary information by copying it to a flash drive and sharing it with Koley Jessen and Infogroup were insufficient to state a claim. The Court explained that the "essence of conversion is the wrongful deprivation of property from the rightful owner" and that there was no indication that Defendants deprived Plaintiff of its proprietary information. (*Id.*) As to the misappropriation claim against Infogroup and Koley Jessen, the Court found that the Complaint contained "no *factual* allegations from which the Court [could] reasonably infer that either Infogroup or Koley Jessen knew—or had reason to know—that the alleged trade secrets were acquired improperly." (*Id.*)

Plaintiff requests that it be allowed to amend the Complaint to cure deficiencies identified in the March 27, 2018 Memorandum and Order.[2] Specifically, Plaintiff wants to clarify its conversion claim to assert that "a conversion occurred because Defendants acted together to take an electronic copy of confidential information owned by Plaintiff, and that a conversion occurred even though [P]laintiff retained the original electronic data." ([Filing No. 42](.)) Plaintiff's briefing on the motion states that Plaintiff "considered the legal authorities cited by the Court, and the Court's ruling," but "seeks a change in the law of Nebraska." ([Filing No. 42](.))

Plaintiff's request to amend the Complaint to replead its conversion claim will be denied. Nebraska law is clear that Plaintiff's proposed allegations that a conversion occurred even though Plaintiff retained the original electronic data do not state a claim. *See [Zimmerman v. FirsTier Bank, N.A.](), 255 Neb. 410, 418, 585 N.W.2d 445, 452 (1998)* ("[T]he essence of conversion is not acquisition by the wrongdoer, but the act of depriving the owner wrongfully of the property")

---

[1] The only remaining claims in this action are the misappropriation and computer fraud claims against Van Gilder.

[2] In its March 27, 2018 order, the Court stated it would not grant Plaintiff leave to amend at that time because Plaintiff had not filed a formal motion to amend or submitted a proposed amended pleading as required by this Court's local rules of practice. *See* NECivR 15.1(a).

(quotation omitted). Plaintiff's proposed amended complaint does not allege that Plaintiff was deprived of access to its property. Thus, allowing Plaintiff to amend the Complaint to reassert the conversion claim would be futile.

Plaintiff also requests that it be permitted to amend the Complaint to clarify its misappropriation claim. Plaintiff's proposed amended complaint provides more detail regarding the purported misappropriation, and it is not readily apparent that amendment would be futile or that the amendment asserts clearly frivolous claims. *See Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999) ("Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous"); *Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994) (stating that a motion to amend should only be dismissed on the merits if it asserts clearly frivolous claims or defenses). Thus, the Court will permit Plaintiff to file an amended pleading which reasserts this claim, as well as the civil conspiracy claim to the extent it relates to the alleged misappropriation.

## 2. Motion to Strike

Defendant requests that the Court strike Paragraphs 23 and 24 of the Complaint pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) provides a mechanism for the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Paragraphs 23 and 24 of the Complaint allege that Van Gilder had work performance issues and delineate examples of those performance problems. Defendants argue that the paragraphs should be stricken because the reasons for Van Gilder's termination have no bearing on this case and that Plaintiff is not allowed to submit character evidence to prove its claims.

It appears that Plaintiff's proposed amended complaint removes these allegations. Because Plaintiff will be permitted to file an amended pleading, Defendant's request that the Court strike Paragraphs 23 and 24 of the Complaint will be denied as moot.

**3.      Motion to Strike Brief**

Defendant seeks to strike Paragraphs 2-5 and 9 of Plaintiff's Brief in Opposition to Defendant's Motion to Strike (Filing No. 47).  These paragraphs essentially summarize the allegations contained in Paragraphs 23 and 24 of the Complaint.  In light of the Court's ruling on Defendant's Motion to Strike Paragraphs 23 and 24 of the Complaint, Defendant's Motion to Strike Brief will likewise be denied.

**IT IS ORDERED:**

1.      Plaintiff's Motion to Amend Complaint (Filing No. 41) is granted, in part, as set forth above.  Plaintiff shall file its amended pleading (in accordance with the limits set out above) by September 4, 2018.

2.      Defendant's Motion to Strike (Filing No. 44) is denied as moot.

3.      Defendant's Motion to Strike Brief (Filing No. 48) is denied.

Dated this 28th day of August, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge