IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DATABASEUSA.COM, LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BLAKE VAN GILDER,<br><br>　　　　　Defendant. | 8:17CV386<br><br>SCHEDULING ORDER |

　　　　On August 28, 2018, the Court granted Plaintiff leave to file an amended complaint.  ([Filing No. 51](#).)  Plaintiff was directed to file its amended pleading by September 4, 2018.  To date, Plaintiff has not filed an amended complaint.  Therefore, the original complaint will continue to be the operative pleading in this case.  The remaining claims are expressed in this Court's March 27, 2018 Memorandum and Order.  ([Filing No. 40](#).)  This action will now be progressed.

**Planning Report Deadline**

　　　　Rule 26(f) of the Federal Rules of Civil Procedure requires that the parties meet and confer and provide the Court with a report of their conference ("Rule 26(f) Report").  Counsel for the plaintiff(s) should initiate the scheduling of the conference.  If the parties are agreeable, the conference can occur by telephone.

　　　　In completing the required Rule 26(f) Report, counsel should use the revised Form 35 ("Rule 26(f) Report") posted on the Court's website.  The Rule 26(f) Report should be filed with the Court no later than **October 8, 2018.**  The Clerk of the Court is directed to set a case management deadline using the following text:  "October 8, 2018:  check for Rule 26(f) Report."

**Initial Progression Order and Planning Conference**

　　　　Relying upon the Rule 26(f) Report provided by counsel, the magistrate judge will enter an initial progression order which sets deadlines for initial disclosures and authorizes the

commencement of discovery. Approximately 90 days into the case, the magistrate judge will hold a planning conference, in which counsel will be required to participate, in person, or by telephone. The initial progression order will contain a setting of this planning conference.

At the planning conference, the Court will establish deadlines for the disclosure of expert witness reports and the filing of summary judgment motions. The Court will also ensure that initial disclosure requirements have been met, and will address outstanding discovery disputes. The parties will be expected to have named all known lay witnesses and identified expert witnesses, even though disclosure of full reports may not yet have occurred. In addition, the Court will explore the possibility of mediation. Therefore, in advance of the planning conference, the Court expects counsel for the parties to have discussed settlement options with their clients.

Following the planning conference, a final progression order will be issued. The case will be scheduled for trial for a week certain before the assigned district judge or magistrate judge. Based upon the trial schedule, a final pretrial conference date will be set, as well as a date for the formal close of discovery.

## Consent Trials

With rare exceptions, special trial settings in this district are only provided when consenting to trial by magistrate judges. District judges' trial schedules are subject to "bumping" for criminal cases requiring trials under the Speedy Trial Act. Magistrate judges routinely provide specially-set jury and non-jury trials.

Part IV-H of the revised Form 35 ("Rule 26(f) Report") addresses the issue of consent. If all parties consent, the case may be reassigned to a magistrate judge for full disposition pursuant to 28 U.S.C. § 636(c)(1), and counsel will be contacted by the magistrate judge's staff regarding scheduling and establishing a special setting for trial. If all the parties do not consent, the case will remain assigned to the district judge, and the magistrate judge will handle all nondispositive pretrial matters.

3

**IT IS SO ORDERED.**

Dated this 6th day of September, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge