IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DATABASEUSA.COM, LLC | ) | CASE NO 8:17-CV-386 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT INFOGROUP, INC.'S** |
| | ) | **BRIEF IN OPPOSITION TO** |
| BLAKE VAN GILDER; INFOGROUP, | ) | **PLAINTIFF'S MOTION TO COMPEL** |
| INC., a Corporation; and KOLEY | ) | |
| JESSEN, P.C. L.L.O. | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff DatabaseUSA.com, LLC ("Database") initiated the current lawsuit based on a discovery dispute arising in another separate lawsuit, Infogroup, Inc. v. DatabaseUSA.com, appearing in this court at Case No. 8:14-CV-49 ("the Underlying Litigation"). In the Underlying Litigation, a discovery dispute arose wherein Database claimed that Koley Jessen, P.C. L.L.O. ("Koley Jessen") (counsel for Defendant Infogroup, Inc. ("Infogroup") in the Underlying lawsuit) did not provide documents to Database that had been provided to Koley Jessen by Defendant Blake Van Gilder ("Van Gilder").

The discovery dispute in the Underlying Litigation manifested itself in the form of Database filing a Motion for Sanctions (ECF No. 256, Def.'s Mot. for Sanctions, Case No. 8:14CV00049, D. Neb.). The issues surrounding the discovery dispute were fully briefed by the parties (ECF Nos. 259, 265, 268, Case No. 8:14CV00049, D. Neb), evidence was offered (ECF Nos. 258 and 266, Case No. 8:14CV00049, D. Neb), and the issues were fully submitted to the Court (ECF No. 277, Case No. 8:14CV00049, D. Neb).

However, before the Court issued its ruling on the Motion for Sanctions in the Underlying Litigation, Database decided to take its allegations made in the discovery motion, reword them to assert certain "causes of action", and file suit against the named Defendants in the District Court of Douglas County, Nebraska (ECF No. 1, Exhibit A – Plaintiff's Complaint and Jury Demand). After filing its new action in State Court, Database then withdrew its Motion for Sanctions pending in the Underlying Litigation (ECF No. 278, Case No. 8:14CV00049, D. Neb).

The new action filed by Database in the District Court of Douglas County, Nebraska was properly and timely removed to this Court. (Please see ECF No. 1). Thereafter, Database has since amended its original Complaint, filing a Third Amended Complaint (ECF No. 106) on April 16, 2019. In its most recent pleading, Database alleges violation of the Nebraska Trade Secrets Act, Neb Rev Stat§ 87-501 et seq.; "aiding and abetting a civil conspiracy"; and "unjust enrichment" against Infogroup. Infogroup has denied all such claims made by Database, and asserted several affirmative defenses. (Please see ECF No. 113, Infogroup's Answer to Plaintiff's Third Amended Complaint).

In an effort to develop some evidence in support of the allegations it has made in the Third Amended Complaint, Database has sought discovery of communications between Infogroup and its attorneys. Towards this end, Database has issued certain Interrogatories and Requests to Produce and made requests for depositions of Infogroup's current and former attorneys and employees, asking Infogroup (and its attorneys) to disclose to Database the communications Infogroup had with its attorneys.

Infogroup has objected to such discovery requests on the basis of privilege, and has provided a Privilege Log (Exhibit A) as to those written privileged communications

between Infogroup and its attorneys. Clearly, all communications between Infogroup and its legal counsel are privileged communications, pursuant to the attorney-client privilege, and are plainly beyond the scope of discoverable information.

With regard to the scope of permissible discovery, Federal Rule of Civil Procedure 26(b)(1) provides:

> Unless otherwise limited by court order, **the scope of discovery is as follows**: Parties may obtain discovery regarding any **nonprivileged matter** that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). (Emphasis added).

Despite the limitation on discovery to any "nonprivileged matter," Database now demands that Infogroup (and its attorneys) disclose to Database communications between Infogroup and its attorneys, and has filed a Motion to Compel (ECF No. 120) seeking disclosure of those attorney-client communications. However, the attorney-client privilege "is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). It exists "to encourage full and frank communication between attorneys and

their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id*. It is "perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system." *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir.1997). "[T]he 'essence' of the attorney-client privilege is the protection of what was 'expressly made confidential or should reasonably be assumed....' " *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Tr. No. 1B*, 230 F.R.D. 398, 410 (D. Md. 2005), *citing Sheet Metal Workers International Assoc. v. Sweeney*, 29 F.3d 120, 125 (4th Cir.1994).

The communications that Database seeks are privileged communications between Infogroup and its attorneys, and because Infogroup has not waived its privilege and continues to assert the attorney-client privilege over all such communications, Infogroup opposes Database's Motion to Compel and requests that its Motion be denied.

## ARGUMENT

I. **The Scaglione Declaration Was Not a Waiver of the Attorney-Client Privilege because it Did Not Disclose Confidential Communications**

In support of its Motion to Compel, Database inaccurately asserts that Infogroup has waived the attorney-client privilege by virtue of the contents of a declaration of one of its attorneys, Gregory Scaglione (the "Scaglione Declaration"). The Scaglione Declaration was identified as Exhibit F in ECF Nos. 265-266, Def.'s Brief in Opp. Mot. for Sanctions and accompanying exhibits, Case No. 8:14CV0049, D. Neb., filed in the Underlying Litigation. Database's assertion of waiver is inaccurate, because nothing in the Scaglione Declaration constitutes a waiver of the attorney-client privilege and Infogroup continues to assert the attorney-client privilege.

A reading of the Scaglione Declaration shows that it does not disclose the actual content of any attorney-client communications between Infogroup and its attorneys. Rather, it provides a general description of the steps taken by Mr. Scaglione (as the attorney for Infogroup) in dealing with the contact between he and Blake Van Gilder, the handling of information that Blake Van Gilder provided to Mr. Scaglione, and how the discovery dispute otherwise transpired in the Underlying Litigation involving the contact from Blake Van Gilder.

The description of events as provided in the Scaglione Declaration was done in an effort to inform the Court how the Van Gilder information had been handled by the attorney for Infogroup, and only generally describes the actions taken by the attorney without reciting the specific content of any actual attorney-client communication. As such, there was no waiver of the privilege.

Federal Courts have consistently found that general references to conversations between an attorney and client are insufficient to waive privilege. *See Kovacs v. Hershey Co.*, No. 04-CV-01881-WYD, 2006 WL 3054167, at *3 (D. Colo. Oct. 25, 2006). It is the substance of the communication that is protected by the attorney-client privilege, not the fact that there has been a communication. *Burton v. R.J. Reynolds Tobacco Co., Inc.,* 170 F .R.D. 481, 484 (D.Kan.1997).

Further, the disclosure of non-privileged communications does not waive privilege with respect to any privileged communications involving the same subject matter. *Please see, Exmark Mfg. Co. v. Briggs & Stratton Power Prod. Grp., LLC*, No. 8:10CV187, 2015 WL 429964, at *7 (D. Neb. Feb. 2, 2015); *See also Blankenship v. USA Truck, Inc.*, 515 F. App'x 622, 623 (8th Cir. 2013) (party did not waive attorney-client privilege over

privileged communications by having its counsel testify about non-privileged communications).

Applying the findings above to the case at hand, Infogroup submits that the Scaglione Declaration fits squarely within the enunciated principle, that general descriptions of actions or communications that do not otherwise disclose a significant part of or the specific substance of any attorney-client communication, *do not* constitute a waiver of the attorney-client privilege.

*Arguendo*, to the extent any of the contents of the Scaglione Declaration could be considered disclosure of confidential information, the disclosure was not made with the intent to waive the attorney-client privilege. The declaration itself provides limited information and was submitted to inform the Court as to the interaction between Infogroup's attorneys and Blake Van Gilder, relative to the allegations made against Infogroup and its attorneys by Database in its Motion for Sanctions.

If this Court finds that a portion of the contents of the Scaglione Declaration constitutes a waiver of the attorney-client privilege (a premise rejected and disputed by Infogroup), then any such waiver is limited in scope. Federal Rule of Evidence Rule 502(a) applies to the situation where there has been a disclosure of a communication or information covered by the attorney-client privilege, and provides:

> (a) Disclosure Made in a Federal Proceeding or to a Federal Office or Agency; Scope of a Waiver. When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:

6

(1) the waiver is intentional;

(2) the disclosed and undisclosed communications or information concern the same subject matter; and

(3) they ought in fairness to be considered together.

The Judicial Conference Advisory Committee on Evidence Rules, in its explanatory note for Evidence Rule 502, Subdivision (a), states:

> The rule provides that a voluntary disclosure in a federal proceeding or to a federal office or agency, ***if a waiver***, generally results in a waiver only of the communication or information disclosed; a subject matter waiver (of either privilege or work product) is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary.

(Emphasis added).

In this instance, there has been no intent from Infogroup or its attorneys to convey any specific attorney-client communication, nor have they intentionally waived the attorney-client privilege. The information in the Scaglione Declaration is general and does not specifically recite the actual content of any direct communications between Infogroup and its attorneys. If this Court were to find that any of the content of the Scaglione Declaration constitutes an actual disclosure of protected communications, and a waiver of the privilege occurred, any such waiver should be limited to the contents of the

Declaration itself, as there is no support for a finding that an "unusual" situation exists where complete subject matter waiver has occurred. Accordingly, Infogroup respectfully requests that Plaintiff's Motion to Compel seeking the disclosure of attorney-client communication between Infogroup and its attorneys be denied.

## II. Database is Not Entitled to Information Protected by the Work Product Doctrine.

Database also seeks the production of information that is protected by the work product doctrine. "The work-product doctrine protects documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case." *Sandra T.E. v. South Berwyn School Dist. 100*, 600 F.3d 612, 618 (7th Cir.2010).

The work-product doctrine was established by *Hickman v. Taylor*, 329 U.S. 495 (1947), and is now codified in Fed.R.Civ.P. 26(b)(3)(A): "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." However, under certain circumstances, such materials may be discoverable if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed.R.Civ.P. 26(b)(3)(A)(ii). In any event, the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed.R.Civ.P. 26(b)(3)(B). *See also, Williams v. Herron*, No. 8:09CV201, 2011 WL 555127, at *5 (D. Neb. Feb. 8, 2011).

In the present matter, Infogroup's attorney, Greg Scaglione, during the course of the Underlying Litigation and in his representation of Infogroup, interviewed Blake Van Gilder. Federal Courts have found that interviews conducted by a party's attorney in the course of litigation, along with any recordings and transcripts of such interview, are protected by the work product doctrine. *See, e.g., Herrera v. Union Pacific Railroad Co.*, No. 8:15CV426, 2017 WL 1458677, at *1 (D. Neb. Apr. 24, 2017); *Adams v. City of Montgomery*, 282 F.R.D. 627, 634 (M.D. Ala. 2012), supplemented, No. 2:10CV924-MHT, 2012 WL 1952294 (M.D. Ala. May 30, 2012) (audio recordings of witness interviews were protected work product); *Frank v. L.L. Bean, Inc.*, No. CIV. 04-221-P-S, 2005 WL 2177062, at *2 (D. Me. Sept. 8, 2005) (denying motion to compel unredacted copy of witness interview transcript).

Database is not entitled to the recording of the interview by Greg Scaglione of Blake Van Gilder, or any transcripts or notes of the interview, as they are protected work product. Accordingly, Database's Motion to Compel seeking production of the work product of Infogroup's attorneys should be denied.

## CONCLUSION

Database seeks discovery of information from Infogroup that is protected by the attorney-client privilege and/or work product doctrine. Such information is clearly beyond the scope of discoverable information, as set forth in Fed. R. Civ. P. 26(b)(1). Recognizing that the information is privileged, Database nevertheless seeks to overcome the privileges by claiming that Infogroup has waived the attorney-client privilege due to the content of a declaration previously filed by one of its attorneys in the Underlying Litigation. Infogroup denies that there has been any waiver, and affirmatively states that

it continues to maintain and assert the privilege protecting its communications with its attorneys. The information contained in the Scaglione Declaration is general, limited in scope, and does not constitute disclosure or waiver of any privileged attorney-client communications with Infogroup. In the event this Court were to determine, however, that any content of the Scaglione Declaration constitutes a disclosure of any privileged attorney-client communication between Infogroup and its attorneys, such disclosure, if also considered to be a waiver, should be found to be a limited waiver of the privilege involving only the content of the Declaration itself, and should not be considered a "subject matter" waiver involving all attorney-client privileged communications between Infogroup and its attorneys.

Finally, the legal work performed by Infogroup's attorneys during the course of the Underlying Litigation in securing an interview of Blake Van Gilder, is protected by the work product doctrine, and should not be subject to discovery by Infogroup's adversary in this litigation.

For these reasons, Infogroup requests that Database's Motion to Compel be denied, and for such other and further relief as this Court deems just and equitable.

**RESPECTFULLY SUBMITTED** this 2nd day of August, 2019.

INFOGROUP, INC., Defendant

By: s/ Matthew D. Hammes
Matthew D. Hammes, #21484
LOCHER PAVELKA DOSTAL
BRADDY & HAMMES, L.L.C.
200 The Omaha Club
2002 Douglas Street
Omaha, NE 68102
P: (402) 898-7000
F: (402) 898-7130
E: mhammes@lpdbhlaw.com
ATTORNEY FOR INFOGROUP, INC.

## CERTIFICATE OF SERVICE

**THE UNDERSIGNED** hereby certifies that on the 2nd day of August, 2019, he filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all registrants.

s/ Matthew D. Hammes