# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DATABASEUSA.COM, LLC,<br><br>                      Plaintiff,<br><br>      vs.<br><br>BLAKE VAN GILDER, INFOGROUP, INC.,<br>a Corporation; and KOLEY JESSEN P.C.,<br>LLO,<br><br>                      Defendants. | **8:17CV386**<br><br>**AMENDED FINAL<br>PROGRESSION ORDER** |

      This matter is before the Court on the parties' Unopposed Motion to Continue Trial Date. ([Filing No. 131](#).)  The motion is granted, accordingly,

      **IT IS ORDERED** that the provisions of the Court's earlier final progression order remain in effect, and in addition to those provisions, the following shall apply:

1) The jury trial of this case is canceled and will be rescheduled at the status conference of this matter.

2) A telephonic conference to discuss the status of case progression and trial setting will be held with the undersigned magistrate judge on **March 13, 2020 at 2:00 p.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

3) The Pretrial Conference is scheduled to be held before the undersigned magistrate judge on **April 17, 2020** at **10:00 a.m.**, and will be conducted by internet/telephonic conferencing.  Counsel shall use the conferencing instructions assigned to this case to participate in the conference.  (If counsel wishes to appear in person, counsel must contact chambers requesting permission to do so. Before contacting chambers to request such relief, counsel shall confer regarding the issue.)  The parties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to bazis@ned.uscourts.gov, in Word format, by **3:00 p.m. on April 14, 2020.**

4) Initial Disclosures.  The parties have exchanged Fed. R. Civ. P. 26(a) disclosures on **December 10, 2018** and this satisfies the Initial Progression Order deadline.

5) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **July 1, 2019**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **July 15, 2019**
**Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

6) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s): **July 17, 2019**
    For the defendant(s): **September 13, 2019**

7) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s): **August 14, 2019**
    For the defendant(s): **October 15, 2019**
    Plaintiff(s)' rebuttal: **October 29, 2019**

8) The deposition deadline for lay witnesses is **July 31, 2019** and for expert witnesses is **December 6, 2019**.

9) The deadline for filing motions to dismiss and motions for summary judgment is **January 10, 2020**.

10) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **January 10, 2020**.

11) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

12) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

13) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 11th day of October, 2019.

    BY THE COURT:

    s/ Susan M. Bazis
    United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.