IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DATABASEUSA.COM, LLC, | |
| Plaintiff, | 8:17CV386 |
| vs. | |
| BLAKE VAN GILDER, INFOGROUP, INC., a Corporation; and KOLEY JESSEN P.C., LLO, | ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff DatabaseUSA's ("Database") Motion to Compel Documents and Testimony (Filing No. 120). For the reasons explained below, the motion will be granted, in part.

## BACKGROUND

**1.    The Underlying Litigation**

In February, 2014, Infogroup filed suit against Database (the "Underlying Litigation"), alleging Database misappropriated Infogroup's proprietary information. (Case No. 8:14CV49, Filing No. 1.) Infogroup also alleged that Database recruited Infogroup employees, including Blake Van Gilder ("Van Gilder"), and induced them to misappropriate Infogroup's confidential information. On March 24, 2016, Van Gilder was interviewed by Gregory Scaglione ("Scaglione") by telephone in connection with the Underlying Litigation. Scaglione, who is a shareholder with the law firm Koley Jessen, P.C., LLO ("Koley Jessen"), represents Infogroup in the Underlying Litigation.

On April 15, 2016, Van Gilder mailed a flash drive of documents to Koley Jessen. Koley Jessen did not produce the documents to Database in the Underlying Litigation when it first received them. Therefore, on August 1, 2017, Database filed a Motion for Sanctions against Infogroup in the Underlying Litigation (Case No. 8:14CV49, [Filing No. 256](#)), claiming that Infogroup violated its discovery obligations by failing to disclose the contents of the flash drive. In opposition to Database's motion, Koley Jessen submitted a brief along with a declaration from Scaglione. (Case No. 8:14CV49, [Filing Nos. 265](#), [266-1](#).) Scaglione's declaration (the "Declaration") explained how Scaglione received the flash drive from Van Gilder and what happened once he received the flash drive.

A telephone conference was held before United States Magistrate Judge Cheryl Zwart on September 14, 2017. At that time, Judge Zwart heard argument on the Motion for Sanctions. On October 24, 2017, before Judge Zwart issued a ruling, Database withdrew the Motion for Sanctions. (Case No. 8:14CV49, [Filing Nos. 278](#), [279](#).)

The Underlying Litigation was tried in this Court and resulted in a judgment for Infogroup. The case is now pending on appeal before the Eighth Circuit Court of Appeals.

### 2. The Current Lawsuit

Database filed the instant suit against Van Gilder, Koley Jessen, and Infogroup in the District Court of Douglas County, Nebraska on September 11, 2017, alleging that Van Gilder misappropriated sensitive internal documents owned by Database and gave the documents to Koley Jessen and Infogroup. ([Filing No. 1](#).) The documents at issue are those found on the flash drive Van Gilder provided to Koley Jessen in the Underlying Litigation. This suit was removed from state court to federal court on October 13, 2017. ([Filing No. 1](#).)

On or about April 10, 2019, counsel contacted the Court regarding a discovery dispute that had arisen in this case. The dispute involved the scope of discovery as it pertained to the flash drive. Following a telephone conference with the Court on April 25, 2019, the Court ordered that discovery initially be limited to information regarding the flash drive, to include (1) the content of the flash drive; (2) what content from the flash drive was disclosed; (3) who the content was disclosed to; (4) and what those individuals did with the disclosed information. (Filing No. 110.)

As discovery progressed, Infogroup identified several employees, as well as Koley Jessen attorneys Scaglione and Laura De Santos ("De Santos"), as individuals involved in communications regarding the flash drive. In advance of the depositions of the Infogroup employees and attorneys, the parties endeavored to resolve privilege issues. Koley Jessen indicated it would permit Scaglione to testify regarding his and other attorneys' communications with Infogroup regarding the flash drive and the contents thereof, with the understanding that Scaglione's testimony would not be deemed a waiver of privilege. ([Filing No. 125-5](#).) Database rejected this proposal and instead proposed a limited waiver of privilege regarding all communications involving the flash drive. ([Filing No. 125-6](#).) Database also requested that Infogroup and Koley Jessen produce all documents which concern Infogroup's communications with Koley Jessen regarding the flash drive. These documents include an audio file and transcript of an interview that Scaglione conducted with Van Gilder in the Underlying Litigation.

**DISCUSSION**

Database argues that by citing and relying upon the Declaration, Infogroup waived any applicable privilege over its communications with Koley Jessen concerning the flash drive. Infogroup, as holder of the attorney-client privilege, and Koley Jessen dispute that there has been a waiver. They contend that the Declaration did not disclose any confidential communications. Koley Jessen further maintains that in the event waiver is found, it should be limited in scope to the specific statements contained in the Declaration that reference Scaglione's communications with Infogroup. The Court concludes that under the circumstances here, Infogroup's submission of the Declaration to the Court warrants the conclusion that there has been a waiver of privilege. However, the waiver only extends to the specific communications between Koley Jessen and Infogroup described by Scaglione in the Declaration. The waiver does not extend to *all* privileged communications and documents related to the flash drive.

"When a party reveals part of a privileged communication in order to gain an advantage in litigation, it waives the privilege as to all other communications relating to the same subject matter." *[In re Sealed Case,](#) 676 F.2d 793, 818 (D.C. Cir. 1982)*. However, as recognized by this Court, what constitutes the "same subject matter" is narrowly construed. *See [Davis v. Hugo Enterprises,](#) No. 8:11CV221, 2013 WL 636009, at \*2 (D. Neb. Feb. 20, 2013)*. "Fairness is an important and fundamental consideration in assessing the issue of whether there has been a waiver

3

of the lawyer-client privilege." *Broom, Clarkson, Lanphier & Yamamoto v. Kountze*, No. 8:14CV206, 2015 WL 7302226, at *7 (D. Neb. Nov. 18, 2015) (quotation omitted).

Federal Rule of Evidence 502, which addresses situations in which there has been a disclosure of privileged information, states:

> When the disclosure is made in a federal proceeding . . . and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:
>
> (1) the waiver is intentional;
>
> (2) the disclosed and undisclosed communications or information concern the same subject matter, and
>
> (3) they ought in fairness to be considered together.

Fed. R. Evid. 502(a). The Advisory Committee's note for Rule 502(a) explains that a waiver generally only results in the waiver of the communication or information disclosed, and that "a subject matter waiver (of either privilege or work product) is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary." Fed. R. Evid. 502 advisory committee's note.

In this case, the scope of the waiver is limited to the communications disclosed—meaning, the conversations between Koley Jessen and Infogroup identified in the Declaration. The Declaration consists of statements explaining how Koley Jessen received the flash drive and the actions taken in response to the receipt of the flash drive. While the Declaration describes certain conversations between Koley Jessen and Infogroup regarding the flash drive, it does not delve deeply into the specifics of those conversations. For instance, Paragraph 17 of the Declaration provides:

> Koley Jessen discussed with Infogroup certain content of the flash drive in general terms, including the categories of documents received, for example, an email, some mailing lists, licensing agreements, some financial documents, some technical-looking documents, and some of Van Gilder's employment documents.

(Case No. 8:14CV49, Filing No. 266-1.) These basic descriptions did not waive attorney-client privilege in its entirety.

Moreover, fairness dictates that privilege not be found waived as to all communications and documents related to the flash drive. It would be highly prejudicial to Infogroup and Koley Jessen to find a complete waiver. First, Infogroup believed, quite reasonably, that providing the information contained in the Declaration was necessary to defend itself against Database's Motion for Sanctions in the Underlying Litigation. Second, and more importantly, the communications Database seeks include legal advice provided to Infogroup in *on-going* litigation in which Van Gilder is a witness. Infogroup would be highly prejudiced by a broad waiver of privilege which would result in the disclosure of confidential communications between Infogroup and its counsel.

Further, Database will not be prejudiced if waiver is narrowly construed and privilege is maintained as to matters outside the Declaration. Database has a copy of the Van Gilder flash drive and has deposed Van Gilder. Database will also be allowed to depose Scaglione regarding the statements and information contained in the Declaration. Thus, Database has other avenues to obtain the information it seeks.

Database also seeks the audio file and transcript of an interview Scaglione conducted with Van Gilder in the Underlying Litigation. Infogroup and Koley Jessen object to producing these items, arguing that they are protected work-product. Under the work-product doctrine, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). This Court has stated that work-product protection may extend to audio recordings and transcriptions of witness interviews. *See Herrera v. Union Pacific Railroad Co.*, No. 8:15CV426, 2017 WL 1458677, at *1 (D. Neb. Apr. 24, 2017) ("Counsel's questions of witnesses are often inexorably intertwined with his thought process and mental impressions, pushing that information into the category of opinion work product—which enjoys almost absolute immunity"). However, work-product protection does not extend to verbatim statements of third-party witnesses. *Id.* at *2 ("Assuming the witnesses' answers contained nothing more than a factual recitation of the events, the audio recorded answers would likely be subject to disclosure.").

The Court has conducted an *in camera* review of the audio file and transcript to determine whether they are protected work-product. Following careful review, the Court concludes that they are. The audio file and transcript reflect more than a simple factual recitation of events. Instead, they memorialize questions from Scaglione to Van Gilder, as well as Van Gilder's responses to those specific questions. Therefore, production of the audio file and transcript will not be required.

Accordingly,

**IT IS ORDERED:**

1. Database's Motion to Compel Documents and Testimony ([Filing No. 120](#)) is granted, in part. Infogroup and Koley Jessen shall provide deposition testimony regarding the content of the Declaration, including the conversations between Koley Jessen and Infogroup specifically referenced in the Declaration. The proposed order regarding Scaglione's deposition submitted by Koley Jessen in opposition to this Motion to Compel ([Filing No. 125-5](#)) will be entered by this Court. Koley Jessen shall submit a Word version of this document to [bazis@ned.uscourts.gov](mailto:bazis@ned.uscourts.gov) by November 26, 2019.

2. The Motion for Oral Argument ([Filing No. 126](#)) is denied as moot.

3. The Motion for Oral Argument ([Filing No. 129](#)) is denied as moot.

Dated this 22nd day of November, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge