IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DATABASEUSA.COM, LLC, | |
| Plaintiff, | 8:17CV386 |
| vs. | ORDER |
| BLAKE VAN GILDER, INFOGROUP, INC., a Corporation; and KOLEY JESSEN P.C., LLO, | |
| Defendants. | |

DatabaseUSA.com, LLC ("Database") sent the Court correspondence asking that the Court clarify certain aspects of its November 22 and November 25, 2019 orders. Database essentially seeks clarification regarding the scope of the Court's finding that there has been a limited waiver of privilege. The Court construes Database's correspondence as a motion for clarification.[1] The motion is granted as set forth below.

In its November 22, 2019 order, the Court held that waiver is "limited to the communications disclosed—meaning, the conversations between Koley Jessen and Infogroup identified in the Declaration." (Filing No. 134.) The Court further stated that "fairness dictates that privilege not be found waived as to all communications and documents related to the flash drive" and that "Database will not be prejudiced if waiver is narrowly construed and privilege is maintained as to matters outside the Declaration." (*Id*.)

---

[1] The Court will file Database's correspondence, as well as Defendants' responses to that correspondence, as restricted documents in this case.

The November 25, 2019 order defined the parameters of Mr. Scaglione's anticipated deposition by delineating topics of permissible inquiry. ([Filing No. 135](#).) That order contains a provision which states that Mr. Scaglione's testimony "shall not be deemed to waive or otherwise limit the attorney-client privilege, work product doctrine or any other privilege or doctrine with respect to those communications or any other communications between Infogroup, Infogroup's in-house and outside counsel, and other Koley Jessen employees." (*[Id](#)*.)

The Court believes its orders are clear and consistent. However, to prevent any future misunderstanding, the Court clarifies that it has held that the waiver of privilege extends *only* to the specific communications between Koley Jessen and Infogroup described in Mr. Scaglione's Declaration. The waiver *does not* extend to emails or other documents appearing on privilege logs that relate to the communications described in the Declaration. Also, the provision regarding waiver contained in the November 25th order directs and advises the parties that Mr. Scaglione will not be deemed to have waived privilege over *all* communications concerning the flash-drive through his future deposition testimony.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge